■ In the Matter of EAGLE INSURANCE COMPANY, Appellant, v MOHAMMAD NOWAZ, Respondent-Respondent, et al., Respondents. [714 NYS2d 313] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), dated September 9, 1999, as denied that branch of the petition which was to permanently stay arbitration.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The respondent Mohammad Nowaz was involved in a motor vehicle accident with a vehicle owned by Micro Comp., Inc. (hereinafter Micro Comp.), and operated by Nigel Coontles, a/k/a Nigel Gentiles. At the time of the accident the vehicle driven by Nowaz was insured by the petitioner Eagle Insurance Company. Nowaz commenced a personal injury action in Supreme Court, Kings County, against Micro Comp. and Coontles. As a defense in that action, Micro Comp. and its insurer claimed that the vehicle owned by Micro Comp. had been stolen prior to the accident, and that Coontles was not driving it with permission. The matter was then set down for a hearing on whether the vehicle was stolen. That issue has yet to be decided.

Nowaz served the petitioner with a demand for arbitration of an uninsured motorist claim. In commencing the instant proceeding in the Supreme Court, Nassau County, the petitioner requested that a hearing be held to determine whether the vehicle at issue had been stolen at the time of the accident. In light of the fact that the personal injury action was already pending in Kings County, and a hearing had been scheduled to determine the issue of whether the Micro Comp. vehicle had been stolen, the Supreme Court providently exercised its discretion in granting the petition to the extent of staying the arbitration without prejudice to the service of a new demand should the Supreme Court, Kings County, determine that the Micro Comp. vehicle was being driven without permission (*see,* CPLR 3211 [a] [4]; *Whitney v Whitney,* 57 NY2d 731). Ritter, J. P., Thompson, Friedmann, H. Miller and Feuerstein, JJ., concur.